UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

In the Matter of the Application of C.B. on behalf of Z.G.
her minor child,

                                                                       07 Civ. 3419 (AKH)

                                       Plaintiff,

                                                       **ANSWER**

                 -against-

DEPARTMENT OF EDUCATION OF THE CITY OF
NEW YORK,

                                               Defendant.

------------------------------------------------------------------------ x

        Defendant, the New York City Department of Education ("DOE"), by its attorney Michael A. Cardozo, Corporation Counsel of the City of New York, as and for its Answer to the Complaint, dated April 30, 2007, respectfully alleges as follows:

        1.     Denies the allegations set forth in paragraph "1" of the Complaint, except admits that plaintiff purports to proceed as stated therein.

        2.     Denies the allegations set forth in paragraph "2" of the Complaint, except admits that the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq ("IDEA") provides that children with disabilities must receive a free and appropriate public education, and admits that plaintiff purports to proceed as stated therein.

        3.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the intentions of plaintiff when he or she requested an impartial hearing, and admits the remaining allegations set forth in paragraph "3" of the Complaint.

        4.     Admits the allegations set forth in paragraph "4" of the Complaint.

        5.     Upon information and belief, admits the allegations set forth in paragraph "5" of the Complaint.

6. Denies the allegations set forth in paragraph "6" of the Complaint, except admits that the DOE is a local educational agency as defined by the IDEA and that the DOE has offices at 52 Chambers Street in New York City and respectfully refers the Court to Article 52-A of the New York Education Law regarding the powers and duties of the DOE.

7. Denies the allegations set forth in paragraph "7" of the Complaint, except admits plaintiff purports to invoke the Court's jurisdiction as stated therein.

8. Denies the allegations set forth in paragraph "8" of the Complaint, except admits plaintiff alleges venue as stated therein.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding how Z.G. (the "Student") qualified for the gifted program at P.S. 166, and admits the remaining allegations set forth in paragraph "9" of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint, except admits that the Student was late fifty-one times and absent twenty-six times in the 2002-2003 school year.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Complaint, except admits that the Student was diagnosed with bipolar disorder during the 2002-2003 school year.

13. Denies the allegations set forth in paragraph "13" of the Complaint.

14. Denies the allegations set forth in paragraph "14 of the Complaint, except admits that the Student was diagnosed as having Attention Deficit Hyperactivity Disorder ("ADHD").

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15 of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint.

17. Denies the allegations set forth in paragraph "17" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the bases for the Student's parents' actions.

18. Denies the allegations set forth in paragraph "18" of the Complaint, except admits that plaintiff unilaterally placed the Student at the Dalton School.

19. Denies the allegations set forth in paragraph "19" of the Complaint, except admits that the Student was referred to the Committee on Special Education ("CSE") in October, 2005.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether several reports were provided by the parents, and admits the remaining allegations set forth in paragraph "20" of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Complaint.

22. Denies the allegations set forth in paragraph "22" of the Complaint, except admits that the Student's mother, teacher and psychologist all participated in the CSE meeting on January 23, 2006, and without admitting the truth or accuracy of the testimony, respectfully refers the Court to the transcript of the underlying hearing ("transcript") for a complete and accurate statement of its contents.

23. Denies the allegations set forth in paragraph "23" of the Complaint, except admits that the Student was classified as "non-handicapped" at the CSE meeting, that a general education program was recommended, and that no special services were recommended.

24. Denies the allegations set forth in paragraph "24" of the Complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Complaint, except admits, upon information and belief, that the Student repeated the third grade at the Dalton School.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Complaint, except admits, upon information and belief, that the Student's fourth grade teacher was also her fifth grade teacher.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the Complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the Complaint, and without admitting the truth or accuracy of the testimony, respectfully refers the Court to the transcript for a complete and accurate statement of its contents.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the Complaint.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the Complaint..

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the Complaint..

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the Complaint..

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the Complaint.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the Complaint.

38. Denies the allegations set forth in paragraph "38" of the Complaint, and respectfully refers the Court to the web page cited therein for a complete and accurate statement of its contents.

39. Denies the allegations set forth in paragraph "39" of the Complaint.

40. Denies the allegations set forth in paragraph "40" of the Complaint, except admits that the Impartial Hearing Officer ("IHO") found that the Student should have been classified as "Other Health Impaired," and respectfully refers the Court to the IHO's Findings of Fact and Decision, dated September 11, 2006 (the "Decision"), for a complete and accurate statement of its contents.

41. Denies the allegations set forth in paragraph "41" of the Complaint, and respectfully refers the Court to the Decision for a complete and accurate statement of its contents.

42. Denies the allegations set forth in paragraph "42" of the Complaint, and respectfully refers the Court to the Decision for a complete and accurate statement of its contents

43. Denies the allegations set forth in paragraph "43" of the Complaint, and respectfully refers the Court to the Decision for a complete and accurate statement of its contents.

44. Denies the allegations set forth in paragraph "44" of the Complaint, and respectfully refers the Court to the Decision for a complete and accurate statement of its contents.

45. Denies the allegations set forth in paragraph "45" of the Complaint, and respectfully refers the Court to the Decision for a complete and accurate statement of its contents.

46. Denies the allegations set forth in paragraph "46" of the Complaint, and respectfully refers the Court to the Decision for a complete and accurate statement of its contents.

47. Denies the allegations set forth in paragraph "47" of the Complaint, and respectfully refers the Court to the Decision for a complete and accurate statement of its contents.

48. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the Complaint, and without admitting the truth or

accuracy of the testimony, respectfully refers the Court to transcript for a complete and accurate statement of its contents.

   49. Denies the allegations set forth in paragraph "49" of the Complaint, except admits the IHO awarded plaintiff tuition reimbursement for the 2005-2006 school year.

   50. Admits the allegations set forth in paragraph "50" of the Complaint.

   51. Denies the allegations set forth in paragraph "51" of the Complaint, and respectfully refers the Court to the Verified Petition, filed by defendant DOE and dated October 13, 2006 (the "Petition"), for a complete and accurate statement of its contents.

   52. Denies the allegations set forth in paragraph "52" of the Complaint, and respectfully refers the Court to the Petition for a complete and accurate statement of its contents.

   53. Denies the allegations set forth in paragraph "53" of the Complaint, except admits plaintiff sought to proceed as stated therein.

   54. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the Petition.

   55. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of the Petition.

   56. Denies the allegations set forth in paragraph "56" of the Complaint, and respectfully refers the Court to the Decision of the State Review Office, dated January 3, 2007 (the "SRO Decision"), for a complete and accurate statement of its contents.

   57. Denies the allegations set forth in paragraph "57" of the Complaint, and respectfully refers the Court to the SRO Decision for a complete and accurate statement of its contents.

58. Denies the allegations set forth in paragraph "58" of the Complaint, and respectfully refers the Court to the SRO Decision for a complete and accurate statement of its contents.

59. Denies the allegations set forth in paragraph "59" of the Complaint.

60. Denies the allegations set forth in paragraph "60" of the Complaint, and respectfully refers the Court to the SRO Decision and to the transcript for a complete and accurate statement of their contents.

61. Denies the allegations set forth in paragraph "61" of the Complaint.

62. Denies the allegations set forth in paragraph "62" of the Complaint.

63. Denies the allegations set forth in paragraph "63" of the Complaint.

64. Denies the allegations set forth in paragraph "64" of the Complaint.

65. Denies the allegations set forth in paragraph "62" of the Complaint, and respectfully refers the Court to the SRO Decision for a complete and accurate statement of its contents.

66. Denies the allegations set forth in paragraph "66" of the Complaint.

**AS AND FOR A FIRST DEFENSE:**

67. Defendant's decision not to classify the Student as a Child with a Disability did not violate plaintiff's rights under the IDEA.

**AS AND FOR A SECOND DEFENSE:**

68. Plaintiff has failed to meet her burden under the applicable law to demonstrate that the unilateral placement selected by the plaintiff was appropriate.

**AS AND FOR A THIRD DEFENSE:**

69. The equities do not favor the plaintiff in this matter.

### AS AND FOR A FOURTH DEFENSE:

70. Plaintiff fails to state a claim upon which relief can be granted.

### AS AND FOR A FIFTH DEFENSE:

71. At all times relevant to the acts alleged in the complaint, defendant acted reasonably, properly, lawfully and in good faith.

### AS AND FOR A SIXTH DEFENSE:

72. Defendant did not violate any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

**WHEREFORE**, defendant requests judgment dismissing the complaint and denying all relief requested therein, together with such other and further relief as the Court deems just and proper.

Dated:	New York, New York
	July 10, 2007

                                          Michael A. Cardozo
                                          Corporation Counsel of the
                                           City of New York
                                          Attorney for the Plaintiff
                                          100 Church Street, Room 2-121
                                          New York, New York 10007
                                          212-788-0939

                                        By:	s/
                                               Andrew J. Rauchberg (AR 2179)
                                             Assistant Corporation Counsel

To:	Neal Howard Rosenberg, Esq.
	Attorney for Plaintiff
	9 Murray Street, Suite 4 West
	New York, New York  10007