UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

In the Matter of Application of C.B. on
behalf of Z.G. her minor child,

                Plaintiff,

  -against-                                07 CV 3419 (AKH) (THK)

DEPARTMENT OF EDUCATION OF
THE CITY OF NEW YORK,

                Defendant.

--------------------------------------------------------X

## PLAINTIFF'S RESPONSE TO DEFENDANT'S LOCAL
## RULE 56.1 STATEMENT OF UNDISPUTED FACTS

1. Plaintiff admits the allegations asserted in paragraph "1" of Defendant's Local Rule 56.1 of Statement of Undisputed Facts.

2. Plaintiff admits the allegations asserted in paragraph "2" of Defendant's Local Rule 56.1 of Statement of Undisputed Facts.

3. Plaintiff admits the allegations asserted in paragraph "3" of Defendant's Local Rule 56.1 of Statement of Undisputed Facts.

4. Plaintiff admits the allegations asserted in paragraph "4" of Defendant's Local Rule 56.1 of Statement of Undisputed Facts except affirmatively state that Z.G.'s academic performance and conduct began to deteriorate. (Transcript p. 80-81, Exhibit 16 and paragraphs 45 and 45 of Plaintiff's Statement of Uncontested Facts)

5. Plaintiff admits the allegations asserted in paragraph "5" of Defendant's Local

Rule 56.1 of Statement of Undisputed Facts except state that she is able to perform well on standardized tests administered to her one to one because it allows her to hyper focus. (See plaintiff's memorandum in support of summary judgment, footnote 3)

6. Plaintiff admits the allegations asserted in paragraph "6" of Defendant's Local Rule 56.1 of Statement of Undisputed Facts.

7. Plaintiff admits the allegations asserted in paragraph "7" of Defendant's Local Rule 56.1 of Statement of Undisputed Facts except strenuously objects to defendant's attempt characterize Dalton as "elite" which was a basic strategy throughout this litigation. The Defendant has repeatedly attempted to characterize the debate as to why should we have to pay parents to send their child to an elitist upscale school. Of course, the answer is the New York City Department of Education refused to acknowledge that a child suffering from the most severe case of bipolar disorder with rapid rapid cycling impacts the way she processes information. Despite her intelligence, certain educational support services are necessary for her to succeed. The Defendant could have simply agreed to make her eligible and just provide the support services to her. Instead, the New York City Department of Education has repeatedly attempted to paint this into a type of class warfare losing sight of the special needs of this child.

8. Plaintiff admits the allegations asserted in paragraph "8" of Defendant's Local Rule 56.1 of Statement of Undisputed Facts except denies that she was placed at Dalton because she became "dysfunctional in the home" and affirmatively states that another reason is that Dalton met her unique educational needs and had the

appropriate special educational support services to address her disability. (Plaintiff's Statement of Uncontested Facts ¶¶ 12, 13, and 14)

9. Plaintiff admits the allegations asserted in paragraph "9" of Defendant's Local Rule 56.1 of Statement of Undisputed Facts.

10. Plaintiff denies the allegations asserted in paragraph "10" of Defendant's Local Rule 56.1 of Statement of Undisputed Facts except admits that Dalton provided the school nurse's office, psychologist, special teacher attention including prompting and support (about an hour of individual attention a day), having a special education teacher observe her classes three times a week and suggest teaching strategies to better allow Z.G. to process information and keep her focused. (Plaintiff's Statement of Uncontested Facts ¶¶ 22-31)

11. Plaintiff denies the allegations asserted in paragraph "11" of Defendant's Local Rule 56.1 of Statement of Undisputed Facts, except admit that Jordan and Mash was at the CSE meeting but had predetermined the outcome, and they could not testify about what services if any would be available since it would in part depend on the size of the school.(Transcript p. 44, 95-98, 101-02, 173)

12. Plaintiff admits the allegations asserted in paragraph "12" of Defendant's Local Rule 56.1 of Statement of Undisputed Facts.

13. Plaintiff admits the allegations asserted in paragraph "13" of Defendant's Local Rule 56.1 of Statement of Undisputed Facts.

14. Plaintiff admits the allegations asserted in paragraph "14" of Defendant's Local Rule 56.1 of Statement of Undisputed Facts.

15. Plaintiff admits the allegations asserted in paragraph "15" of Defendant's Local

Rule 56.1 of Statement of Undisputed Facts.

16. Plaintiff deniess the allegations asserted in paragraph "16" of Defendant's Local Rule 56.1 of Statement of Undisputed Facts since defendant has conceded that Z.G. is suffering from bipolar disorder.

17. Plaintiff admits the allegations asserted in paragraph "17" of Defendant's Local Rule 56.1 of Statement of Undisputed Facts.

18. Plaintiff admits the allegations asserted in paragraph "18" of Defendant's Local Rule 56.1 of Statement of Undisputed Facts.

19. Plaintiff admits the allegations asserted in paragraph "19" of Defendant's Local Rule 56.1 of Statement of Undisputed Facts.

20. Plaintiff admits the allegations asserted in paragraph "20" of Defendant's Local Rule 56.1 of Statement of Undisputed Facts except denies the characterization of "after numerous requests".

21. Plaintiff denies the allegations asserted in paragraph "21" of Defendant's Local Rule 56.1 of Statement of Undisputed Facts since plaintiff's position is that the decision was predetermined and the committee was not going to recommend that Z.G. be eligible for services due to solely to the fact that Z.G. was going to as Counsel for Defendant maintains "an elite private general education school." (Defendant Statement of Uncontested Fact ¶ 7, Transcript p. 44, 95-98, 101-02, 173)

22. Plaintiff admits the allegations asserted in paragraph "22" of Defendant's Local Rule 56.1 of Statement of Undisputed Facts.

23. Plaintiff denies the allegations asserted in paragraph "23" of Defendant's Local

      Rule 56.1 of Statement of Undisputed Facts. Plaintiff and the participants most familiar with Z.G. were not given a meaningful opportunity to participate at the meeting. (Defendant's Statement of Uncontested Fact ¶ 7, Transcript p. 44, 95-98, 101-02, 173)

24. Plaintiff admits the allegations asserted in paragraph "24" of Defendant's Local Rule 56.1 of Statement of Undisputed Facts except over the parent's objection.

25. Plaintiff denies the allegations asserted in paragraph "25" of Defendant's Local Rule 56.1 of Statement of Undisputed Facts since plaintiff's position is that the decision was predetermined and the committee was not going to recommend that Z.G. be eligible for services due to solely to the fact that Z.G. was going to as Counsel for Defendant maintains "an elite private general education school." (Defendant's Statement of Uncontested Fact ¶ 7, Transcript p. 44, 95-98, 101-02, 173)

26. Plaintiff denies the allegations asserted in paragraph "26" of Defendant's Local Rule 56.1 of Statement of Undisputed Facts since plaintiff's position is that the decision was predetermined and the committee was not going to recommend that Z.G. be eligible for services due to solely to the fact that Z.G. was going to as Counsel for Defendant maintains "an elite private general education school." (Defendant's Statement of Uncontested Fact ¶ 7, Transcript p. 44, 95-98, 101-02, 173)

27. Plaintiff denies the allegations asserted in paragraph "27" of Defendant's Local Rule 56.1 of Statement of Undisputed Facts since plaintiff's position is that the decision was predetermined and the committee was not going to recommend that

|   |   |
|---|---|
|   | Z.G. be eligible for services due to solely to the fact that Z.G. was going to as Counsel for Defendant maintains "an elite private general education school." (Defendant's Statement of Uncontested Fact ¶ 7, Transcript p. 44, 95-98, 101-02, 173) |
| 28. | Plaintiff denies the allegations asserted in paragraph "28" of Defendant's Local Rule 56.1 of Statement of Undisputed Facts since plaintiff's position is that the decision was predetermined and the committee was not going to recommend that Z.G. be eligible for services due to solely to the fact that Z.G. was going to as Counsel for Defendant maintains "an elite private general education school." (Defendant's Statement of Uncontested Fact ¶ 7, Transcript p. 44, 95-98, 101-02, 173) |
| 29. | Plaintiff admits the allegations asserted in paragraph "28" of Defendant's Local Rule 56.1 of Statement of Undisputed Facts except affirmatively state that plaintiff's position is that the decision was predetermined and the committee was not going to recommend that Z.G. be eligible for services due to solely to the fact that Z.G. was going to as Counsel for Defendant maintains "an elite private general education school." (Defendant's Statement of Uncontested Fact ¶ 7, Transcript p. 44, 95-98, 101-02, 173) |
| 30. | Plaintiff admits the allegations asserted in paragraph "30" of Defendant's Local Rule 56.1 of Statement of Undisputed Facts except affirmatively state that plaintiff's position is that the decision was predetermined and the committee was not going to recommend that Z.G. be eligible for services due to solely to the fact that Z.G. was going to as Counsel for Defendant maintains "an elite private |

general education school." (Defendant's Statement of Uncontested Fact ¶ 7, Transcript p. 44, 95-98, 101-02, 173)

31. Plaintiff admits the allegations asserted in paragraph "31" of Defendant's Local Rule 56.1 of Statement of Undisputed Facts.

32. Plaintiff admits the allegations asserted in paragraph "32" of Defendant's Local Rule 56.1 of Statement of Undisputed Facts.

33. Plaintiff admits the allegations asserted in paragraph "33" of Defendant's Local Rule 56.1 of Statement of Undisputed Facts.

34. Plaintiff admits the allegations asserted in paragraph "34" of Defendant's Local Rule 56.1 of Statement of Undisputed Facts.

35. Plaintiff admits the allegations asserted in paragraph "35" of Defendant's Local Rule 56.1 of Statement of Undisputed Facts.

36. Plaintiff admits the allegations asserted in paragraph "36" of Defendant's Local Rule 56.1 of Statement of Undisputed Facts.

37. Plaintiff admits the allegations asserted in paragraph "37" of Defendant's Local Rule 56.1 of Statement of Undisputed Facts.

38. Plaintiff admits the allegations asserted in paragraph "38" of Defendant's Local Rule 56.1 of Statement of Undisputed Facts, however, there were other reasons set forth in the decision which speaks for itself.

39. Plaintiff admits the allegations asserted in paragraph "39" of Defendant's Local Rule 56.1 of Statement of Undisputed Facts, however, there were other reasons set forth in the decision which speaks for itself.

40. Plaintiff denies the allegations asserted in paragraph "40" of Defendant's Local

Rule 56.1 of Statement of Undisputed Facts.

41. Plaintiff admits the allegations asserted in paragraph "41" of Defendant's Local Rule 56.1 of Statement of Undisputed Facts.

42. Plaintiff admits the allegations asserted in paragraph "42" of Defendant's Local Rule 56.1 of Statement of Undisputed Facts, however, there were other reasons set forth in the decision which speaks for itself.

43. Plaintiff admits the allegations asserted in paragraph "43" of Defendant's Local Rule 56.1 of Statement of Undisputed Facts, however, there were other reasons set forth in the decision which speaks for itself.

44. Plaintiff admits the allegations asserted in paragraph "44" of Defendant's Local Rule 56.1 of Statement of Undisputed Facts.

45. Plaintiff admits the allegations asserted in paragraph "45" of Defendant's Local Rule 56.1 of Statement of Undisputed Facts.

46. Plaintiff admits the allegations asserted in paragraph "46" of Defendant's Local Rule 56.1 of Statement of Undisputed Facts.

47. Plaintiff admits the allegations asserted in paragraph "47" of Defendant's Local Rule 56.1 of Statement of Undisputed Facts.

48. Plaintiff admits the allegations asserted in paragraph "48" of Defendant's Local Rule 56.1 of Statement of Undisputed Facts, however, the decision speaks for itself.

49. Plaintiff admits the allegations asserted in paragraph "49" of Defendant's Local Rule 56.1 of Statement of Undisputed Facts, however, the decision speaks for itself.

50. Plaintiff admits the allegations asserted in paragraph "50" of Defendant's Local Rule 56.1 of Statement of Undisputed Facts, however, the decision speaks for itself.

51. Plaintiff admits the allegations asserted in paragraph "51" of Defendant's Local Rule 56.1 of Statement of Undisputed Facts, however, the decision speaks for itself.

52. Plaintiff admits the allegations asserted in paragraph "52" of Defendant's Local Rule 56.1 of Statement of Undisputed Facts, however, the decision speaks for itself.

Dated: New York, New York
      November 2, 2007

   s/Neal H Rosenberg, Esq
NEAL H. ROSENBERG (NR 7827)
Attorney for Plaintiff
9 Murray Street, Suite 4W
New York, N.Y.  10007
(212) 732-9450

To:   Andrew J. Rauchberg, Ass't Corp. Counsel (AR 2179)
Michael A. Cardozo
Corp. Counsel of the City of New York
Attorney for Defendant
100 Church Street, Rm 2-179
New York, New York, 10007
(212) 788-0889
(via ECF)