UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

In the Matter of the Application of C.B. on behalf of Z.G.
her minor child,

                                          Plaintiff,     07 CV 3419 (AKH) (THK)

                  -against-

DEPARTMENT OF EDUCATION OF THE CITY OF
NEW YORK,

                                   Defendant.

------------------------------------------------------------------------ x

## NEW YORK CITY DEPARTMENT OF EDUCATION'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND IN FURTHER SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

### PRELIMINARY STATEMENT

      Plaintiff, the parent of Z.G. ("the Student"), brings this action to appeal an administrative decision by the New York State Department of Education Office of State Review. Plaintiff seeks reimbursement for the cost of tuition at the Dalton School ("Dalton"), a private school at which she had unilaterally placed the Student for the 2005-2006 school year. The State Review Officer ("SRO") denied plaintiff reimbursement. At the Court's direction, plaintiff and defendant New York City Department of Education ("DOE") submitted simultaneous motions for summary judgment to this Court on October 5, 2007. DOE submits this memorandum of law in opposition to plaintiff's motion for summary judgment and in further support of its motion for summary judgment.

In plaintiff's memorandum of law in support of her motion for summary judgment ("Plaintiff's Memorandum"), plaintiff argues that she met her burden and demonstrated that she should be fully reimbursed for the cost of the Student's tuition at Dalton. She argues, among other things, that this Court should ignore the decision of the SRO, which denied plaintiff's request for reimbursement, and consider only the decision of the Impartial Hearing Officer ("IHO"), which granted plaintiff's request. Plaintiff also argues that DOE's failure to classify the Student as "Other Health Impaired" constituted a denial of a free and appropriate public education ("FAPE"). Finally, plaintiff briefly argues that Dalton was an appropriate placement for the Student, and that equitable considerations weigh in favor of an award of tuition reimbursement.

As discussed more fully below, these arguments are not supported by either the law or the facts of this case. The SRO's decision was well-reasoned, thorough, and consistent with the credibility determinations made by the IHO. It should be considered by this Court, and be given due weight. Further, the Committee on Special Education ("CSE") conducted a proper evaluation of the Student and reached the only conclusion under the applicable law that the record supports – that the Student is not disabled under the Individuals with Disabilities Education Act ("IDEA"). Even if the Student is disabled under the act, Dalton, a private, general education school, does not provide an appropriate special education program for the Student. Finally, equitable considerations do not support an award of tuition reimbursement, as plaintiff was committed to keeping the Student at Dalton even as she contacted the CSE.

This Court should award summary judgment to DOE. Plaintiff has failed to establish that the Student should have been classified as a child with a disability. Plaintiff also has failed to establish that Dalton was an appropriate placement for the Student. Finally, the

equities do not favor an award of tuition reimbursement in this matter.  Accordingly, DOE is entitled to judgment as a matter of law, and its motion should be granted.

## ARGUMENT

### POINT I

### THIS COURT SHOULD GIVE DEFERENCE TO THE SRO'S DECISION IN REVIEWING PLAINTIFF'S CLAIMS

The Supreme Court and the Second Circuit have stated that the IDEA envisions limited judicial review of state administrative proceedings.  *See Bd. of Educ. of Hendrick Hudson Central Sch. Dist. v. Rowley*, 458 U.S. 176, 205-206 (1982); *Walczak v. Florida Union Free Sch. Dist.*, 142 F.3d 119, 129 (2d Cir. 1998).   Federal courts should give "due weight to state administrative proceedings," *M.S. v Yonkers Bd. of Educ.*, 231 F.3d 96, 102 (2d Cir 2000), *cert. denied,* 532 U.S. 942 (2001), and should defer to the expertise of state and local educational agencies on matters of educational policy.  *Muller v. Comm. on Special Educ.*, 145 F. 3d 95, 101 (2d Cir. 1998) (*citing Rowley*, 458 U.S. at 207).   When there is disagreement among state administrative officers, as when the SRO reverses the decision of an IHO, federal courts must still defer to state educational authorities.  *Karl v. Bd. of Educ. of Geneseo Cent. Sch. Dist.*, 736 F.2d 873, 877 (2d. Cir. 1984).   "There is no principle of administrative law which, absent a disagreement between a hearing officer and reviewing agency over demeanor evidence, obviates the need for deference to an agency's final decision where such deference. . . is otherwise appropriate."  *Id*.

Here, plaintiff argues that deference to the SRO decision is not appropriate because it is not supported by the evidence and is not rational.  Plaintiffs' Memorandum at 15. Plaintiff's efforts to discredit the SRO and focus the Court's attention solely on the IHO decision

must fail.  The SRO's decision was thorough, well-reasoned, and demonstrates a careful analysis of the record.  It is supported by the evidence in that the record does not demonstrate that the Student was adversely affected by her bipolar disorder, or that she needed special education services.  *See* Point II, below; *see also* Department of Education's Memorandum of Law in Support of its Motion for Summary Judgment, dated October 5, 2007 ("DOE's Memorandum") at 10-15.

Plaintiff also argues that this Court should give weight only to the IHO decision because the IHO had the advantage of hearing the testimonial evidence at the impartial hearing.  Plaintiff's Memorandum at 20-22.  However, the SRO did not reach his decision by disputing the IHO's findings of credibility, but rather looked closely at the evidence that was presented to the CSE and concluding that it supported the CSE's determination that the Student could not properly be classified as disabled under the IDEA.  At no time does the SRO disagree with the IHO's findings on credibility or discredit the witnesses who testified on plaintiff's behalf – instead, he simply finds that their testimony was not sufficient to conclude the Student was disabled.  *See* Exhibit ("Exh.") SRO 7 at 7.  The only credibility determination the SRO made was to credit DOE testimony that certain accommodations could be made available in a public school setting.  *Id*.  This also is not inconsistent with the IHO's findings, as the IHO was silent about that testimony.  *See* Exh. SRO 1 at 2-9.  Thus, there is no basis to disregard the findings of the SRO, as there was no disagreement on credibility or "demeanor" between the SRO and the IHO.  *See Karl*, 736 F.2d at 877.  Thus, the SRO's decision should be given weight as the "final decision of the state authorities."  *Id*.

Plaintiff also argues that the SRO's decision was inconsistent in that the SRO held that the Student does not require special education services while also observing that the program

- 4 -

provided by Dalton could be replicated in a public school environment. Plaintiff's Memorandum at 23. Contrary to this assertion, the SRO's decision was entirely consistent. In making her argument, plaintiff misunderstands the SRO's decision. While the SRO found that there was insufficient evidence to conclude the Student's educational performance was adversely affected by her bipolar disorder, Exh. SRO 7 at 6-7, he made no finding regarding the appropriateness of Dalton. *See id*. at 7. The SRO also did not find that the services provided by Dalton were necessary for the Student. *See id.* Rather, he found that because a public school, general education program could provide the same services that plaintiff's witnesses testified were necessary, plaintiff had not demonstrated that the Student required special education services.

Finally, plaintiff takes a novel view of State regulations and concludes that Part 279 of Title 8 of the New York Code of Rules and Regulations prohibit this Court from giving any weight to the SRO's decision. Plaintiff's Memorandum at 15. Specifically, Section 279.12 states:

> The decision of the State Review Officer shall be based solely upon the record before the State Review Officer and shall be final, unless an aggrieved party seeks judicial review. The decision of the State Review Officer shall be binding upon the parties and the State Education Department with respect to the provision of special education to the student with a disability involved, but shall not constitute binding precedent in any judicial action or proceeding or administrative appeal in any forum whatsoever.

8 NYCRR § 279.12(a). Plaintiff argues that the word "whatsoever" at the end of the second sentence modifies the phrase "shall not constitute binding precedent" and that because the SRO's decision can have no precedential value "whatsoever," then it should receive no weight from this Court. Plaintiff's Memorandum at 15. A more logical reading of the provision, however, would be that "whatsoever" modifies the word "forum," which directly precedes it. Read properly, Part

279 thus instructs that the SRO's decision is not binding precedent in whatever forum a judicial action or proceeding or administrative appeal is brought.

Moreover, plaintiff's construction of the regulation is simply contrary to the law. *See Karl*, 736 F.2d 873, 877. The SRO's decision may inform this Court's decision, and the Court is expected to give it deference on matters of educational policy. *See Rowley*, 458 U.S. at 206; *M.S.*, 231 F.3d at 102. On matters of statutory interpretation, however (for example, on whether the Student should be classified as disabled under the IDEA), this Court is in as good a position to make that determination as the state administrative officials, including the IHO. *See Muller*, 145 F.3d at 102 (holding district court could reach conclusion about student's statutory eligibility de novo and was not required to give deference to either the IHO or the SRO in that inquiry). [1]

It is clear that plaintiff seeks to distract the Court from the SRO's decision simply because it was unfavorable to her. Plaintiff's spurious arguments should be rejected. The SRO's decision should be considered by this Court, and be given due weight as the final decision of the State authorities. In areas where the Court need not defer to the SRO decision, it should still guide this Court's determination.

---

[1] Plaintiff also suggests that the SRO decision should be given no weight because the SRO himself is biased. To support this contention, plaintiff offers statistics which suggest a majority of recent SRO decisions were decided in favor of school districts, and an article from the New York Sun. Neither should be considered by this Court. Bare statistics, without more, offer nothing of value to this Court's consideration of the present matter, as the facts of those cases are unknown, are not apparently relevant to the present case, and do not take into account factors like how many appeals are taken by parents when they lose at the IHO level, compared with school districts. The New York Sun article should not be considered because it consists largely of conclusory opinions, which are not admissible. Further, the article is hearsay. Federal Rule of Evidence 802; *Holmes v. Gaynor*, 313 F. Supp.2d 345, 358, n.l (S.D.N.Y. 2004); *McAllister v. New York City Police Department*, 49 F. Supp.2d 688, 705-706, n.12 (S.D.N.Y. 1999).

**POINT II**

**THE CSE CONDUCTED AN APPROPRIATE REVIEW OF THE STUDENT AND PROPERLY CLASSIFIED HER AS NON-HANDICAPPED**

Plaintiff has not met her burden of demonstrating that DOE's refusal to classify the Student as a student with a disability was inappropriate. The Student did not meet the criteria for any of the potential classifications that may have applied to her, and thus the CSE made a proper determination. Plaintiff does not convincingly argue otherwise, and the SRO's decision upholding the CSE determination should be affirmed.

First, there is no evidence to support plaintiff's contention that the CSE had predetermined how to classify the Student prior to the CSE meeting on January 23, 2006, Plaintiff's Memorandum at 16, and neither the IHO nor the SRO found any procedural flaws in the CSE process. *See* Exh. SRO 1 at 6; Exh. SRO 7 at 7. Plaintiff contends that the CSE did not take her input, nor that of her witnesses, into account at the CSE meeting, and this was a procedural flaw constituting a denial of FAPE. Plaintiff's Memorandum at 17. As the IHO observed, however, this contention is contradicted by plaintiff's own witnesses, one of whom specifically testified that she was given the opportunity to discuss her interactions with the Student at the CSE meeting and the other of whom gave no indication that she was denied such an opportunity. Exh. SRO 1 at 6. DOE witness Giselle Jordan, who chaired the CSE meeting, testified that everyone, including the plaintiff, participated fully in the CSE meeting. Exh. SRO 3 at 234. Further, Ms. Jordan testified that the committee's conclusions were fully explained to the plaintiff. *Id*. at 235. Additionally, most of the particular information that plaintiff contends the DOE failed to elicit from her all appears elsewhere in the record that was before the CSE. *See* Plaintiff's Memorandum at 17; *see also* Exh. 5 at 1-2 (describing the Student's experience

in public school, the reasons for her transfer to Dalton, and the reasons she had been seeing a therapist); Exh. 9 at 1 (explaining the Student's educational and emotional needs, and why she was seeing a therapist); Exh. 10 at 1-3, 10 (detailing the Student's public school experiences, the reasons for her transfer to Dalton, and the reasons she had been seeing a therapist). Thus, there is no evidence of any procedural flaw in the CSE process.

Plaintiff also argues that the DOE is only speculating that a general education program would be appropriate for the Student, and could provide her with all necessary services. Plaintiff's Memorandum at 19-20. Plaintiff misunderstands the DOE's position. DOE maintains that plaintiff has not established that the Student requires any services. Thus, even if the Court were to find that the services provided by Dalton could not be provided in a public school setting, that would not be dispositive. If plaintiff has not established that the Student has an educational disability in the first instance, then the Student could attend public school with no services and such a placement would be appropriate under the law. *See* 20 U.S.C. § 1400(d)(1)(A).

Finally, plaintiff argues that the Student should be classified as "other health impaired" because the evidence, she contends, shows the Student's educational performance was adversely affected by her bipolar disorder. Plaintiff's Memorandum at 23-26. Although a classification of "other health impaired" requires a showing that the Student's condition, adversely affects her educational performance, 8 NYCRR § 200.1(zz)(10), plaintiff overlooks the relevant case law that addresses the meaning of "adverse affects" and, as a result, focuses her argument on facts which are not by themselves determinative.

Neither the IDEA, nor New York State regulations, defines "adverse affects." *See* 20 U.S.C. § 1401; 8 NYCRR § 200.1. When courts in this judicial district have analyzed

classification questions, they have engaged in a fact specific analysis focusing on two factors –
evidence regarding the allegedly afflicting condition, and evidence regarding academic
performance.  *See, e.g., Muller*, 145 F.3d at 103-104 (considering evidence that student's
emotional difficulties made her unable to learn and evidence that student's educational
performance improved in settings where her emotional difficulties were addressed).  Even where
there is testimonial evidence in the record that a student is adversely affected by his or her
condition, courts still analyze his or her academic record to discern if the condition also affects
educational performance, taking particular note of any differences in the student's performance
in public and private school settings.  *See, e.g., N.C. v. Bedford Cent. Sch. Dist.*, 473 F. Supp.2d
532, 543 (holding that fact that student's performance was comparable in public school and
private placement supported finding that student's educational performance was not adversely
affected, despite evidence of psychological difficulties); *cf. A.C. v. Bd. of Educ.*, 2007 U.S. Dist.
LEXIS 31417, *14-15 (S.D.N.Y. April 27, 2007) (finding both that behavior impacted student's
education performance and evidence of increased progress at private placement supported award
of tuition reimbursement).

   Here, as plaintiff notes, there is testimony, albeit contested, that asserts the
Student is adversely impacted by her bipolar disorder.  *See* Plaintiff's Memorandum at 24-25.
But even if this Court accepts this testimony, it does not automatically follow that these affects
constitute adverse affects on the Student's educational performance under the IDEA.  The record
shows that the Student succeeded academically both in the public and private school setting.
Importantly, there is no evidence that the Student's educational performance improved after
being unilaterally placed at Dalton.  Thus, even if this Court concludes that the affects of the
Student's bipolar disorder are evidence of psychological difficulties, it should not find, on this

record, that they adversely affect her educational performance. *See J.D. v. Pawlet Sch. Dist.*, 224 F.3d 60, 68 (2d Cir. 2000) (holding evidence of emotional disability was not evidence of adverse affects on educational performance); *N.C.*, 473 F. Supp.2d at 546 (finding evidence of psychological difficulties, alone, insufficient to classify student as disabled under the IDEA).

For these reasons, plaintiff still has not demonstrated that the Student can be properly classified as "other health impaired," or any other classification under the IDEA. Accordingly, this Court should deny her motion for summary judgment and instead grant the DOE's motion.

## POINT III

### PLAINTIFF HAS NOT ESTABLISHED THAT DALTON WAS AN APPROPRIATE PLACEMENT FOR THE STUDENT

Plaintiff argues that Dalton provides an appropriate program for the Student. Plaintiff's Memorandum at 26-27. But, as argued in DOE's moving papers, plaintiff has not established that the services provided by Dalton are special education services, nor that they are necessary to meet the Student's educational needs. *See* DOE's Memorandum at 15-17. Further, as DOE noted in its previous memorandum, the Second Circuit has distinguished between the services touted by plaintiff, which may be desirable, and those that are required under the IDEA. *See* DOE's Memorandum at 17-19 (citing *Gagliardo v. Arlington Cent. Sch. Dist.*, 489 F.3d 105, 115 (2d. Cir. 2007). Plaintiff here has not established that the services provided by Dalton were necessary to provide the Student with FAPE, and thus she has not established that Dalton provided an appropriate program for the Student. Therefore, even if this Court finds the Student should have been classified as disabled under the IDEA, her request for tuition reimbursement should still be denied.

**POINT IV**

**EQUITABLE CONSIDERATIONS WEIGH AGAINST AN AWARD OF TUITION REIMBURSEMENT**

Finally, plaintiff argues that equitable consideration support an award of tuition reimbursement. Plaintiff supports this contention by noting that she referred the Student to the CSE, provided privately obtained evaluations, and attended the CSE meeting. Plaintiff's Memorandum at 27. Plaintiff also maintains that she originally enrolled the Student at Dalton in good faith. *Id*. at 28. Even if that were true, as DOE argued in its previous memorandum, the record demonstrates that plaintiff sought an evaluation only to obtain reimbursement for the tuition at Dalton and never intended to accept a public school placement. DOE's Memorandum at 19-20. Accordingly, equitable considerations weigh against an award of tuition reimbursement.

**Conclusion**

Based on the foregoing, defendant New York City Department of Education respectfully requests that its motion for summary judgment be granted, and that the Court grant DOE such other and further relief as the Court deems just and proper.

Dated:        November 2, 2007
              New York, New York

                                MICHAEL A. CARDOZO
                                Corporation Counsel of the
                                 City of New York
                                Attorney for Defendant
                                100 Church Street, Room 2-179
                                New York, New York  10007
                                212-788-0889

                                By:    _____/s_____
                                       Andrew J. Rauchberg (AR 2179)
                                       Assistant Corporation Counsel

To:    Neal H. Rosenberg, Esq.
       Law Offices of Neal Howard Rosenberg
       Attorney for Plaintiff
       9 Murray Street, Suite 4 West
       New York, New York  11235
       212-732-9450
       (via ECF)