UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

In the Matter of the Application of C.B. on behalf of Z.G. her minor child,

                                    Plaintiff,

      -against-

DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK,

                                    Defendant.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S LOCAL RULE 56.1 STATEMENT OF UNDISPUTED FACTS**

07 CV 3419 (AKH) (THK)

------------------------------------------------------------------------ x

        Pursuant to Rule 56.1 of the Local Civil Rules of this Court, defendant's response to Plaintiff's Statement of Uncontested Facts Pursuant to Local Rule 56.1 ("Plaintiff's Statement") is set forth below:

        1.    Defendant admits the facts set forth in paragraph "1" of Plaintiff's Statement.

        2.    In response to paragraph "2" of Plaintiff's Statement, defendant does not have sufficient information to believe the facts set forth therein, but defendant admits that Z.G. (the "Student") received high marks in the third grade, *see* Exhibit ("Exh.") 16 at 1-2, and respectfully refers the Court to the transcript cited therein for a complete and accurate statement of the witness' testimony and the context in which it was made. *See* Exhibit ("Exh.") SRO 2 at 80-81.

        3.    Defendant admits the facts set forth in paragraph "3" of Plaintiff's Statement.

        4.    In response to paragraph "4" of Plaintiff's Statement, defendant does not have sufficient information to believe the facts as set forth therein, but admits that the Student

was diagnosed with bipolar disorder, and respectfully refers the Court to the transcript cited therein for a complete and accurate statement of the witnesses' testimony and the context in which it was made. *See* Exh. C at 1; Exh. SRO 2 at 16, 80.

5. In response to paragraph "5" of Plaintiff's Statement, defendant does not have sufficient information to believe the facts as set forth therein, and respectfully refers the Court to the transcript cited therein for a complete and accurate statement of the witness' testimony and the context in which it was made. *See* Exh. SRO 2 at 18.

6. In response to paragraph "6" of Plaintiff's Statement, defendant does not have sufficient information to believe the facts as set forth therein, and respectfully refers the Court to the transcript cited therein for a complete and accurate statement of the witness' testimony and the context in which it was made. *See* Exh. SRO 2 at 86-87.

7. In response to paragraph "5" of Plaintiff's Statement, defendant admits that it did not inform plaintiff that it provides services to students with special education needs, but defendant respectfully avers that it has no obligation to so inform parents of students who are not disabled under the Individuals with Disabilities Education Act ("IDEA"). *See* 20 U.S.C. § 1400 *et seq*.

8. Defendant admits the facts set forth in paragraph "8" of Plaintiff's Statement.

9. In response to paragraph "9" of Plaintiff's Statement, defendant denies the facts as set forth therein, and respectfully refers the Court to the exhibit cited therein for a complete and accurate statement its contents. *See* Exh. C at 1.

10. In response to paragraph "10" of Plaintiff's Statement, defendant admits that Dr. Austin testified that she was still seeing the Student as of May 5, 2006, *see* Exh. SRO 2

at 14, but defendant does not have sufficient information to believe that this continues "to date." Defendant respectfully refers the Court to the exhibit cited therein for a complete and accurate statement its contents and the transcript cited therein for a complete and accurate statement of the witness' testimony and the context in which it was made. *See* Exh. C at 1; Exh. SRO 2 at 14.

11. In response to paragraph "11" of Plaintiff's Statement, defendant does not have sufficient information to believe the facts as set forth therein, and respectfully refers the Court to transcript cited therein for a complete and accurate statement of the witness' testimony and the context in which it was made. *See* Exh. SRO 2 at 88.

12. In response to paragraph "12" of Plaintiff's Statement, defendant admits that Dr. Faedda opined that the Student would benefit from the cited accommodations, and respectfully refers the Court to the exhibit cited therein for a complete and accurate statement its contents and the transcript cited therein for a complete and accurate statement of the witness' testimony and the context in which it was made. *See* Exh. C at 1; Exh. SRO 2 at 88, 90-92.

13. In response to paragraph "13" of Plaintiff's Statement, defendant does not have sufficient information to believe the facts as set forth therein, and respectfully refers the Court to the transcript cited therein for a complete and accurate statement of the witness' testimony and the context in which it was made. *See* Exh. SRO 2 at 89.

14. Upon information and belief, defendant admits the facts set forth in paragraph "14" of Plaintiff's Statement.

15. In response to paragraph "15" of Plaintiff's Statement, defendant does not have sufficient information to believe the facts as set forth therein, but admits that plaintiff referred the Student to the Committee on Special Education ("CSE") in October, 2005. Exh. 3 at 1.

16. Defendant admits the facts set forth in paragraph "16" of Plaintiff's Statement.

17. Defendant admits the facts set forth in paragraph "17" of Plaintiff's Statement.

18. In response to paragraph "18" of Plaintiff's Statement, defendant admits that Dr. Jackson opined as set forth therein, and respectfully refers the Court to the exhibit cited therein for a complete and accurate statement its contents. *See* Exh. C at 1-10.

19. In response to paragraph "19" of Plaintiff's Statement, defendant denies the facts as set forth therein, but admits that Dr. Faedda opined that the Student was "fragile" and that she would benefit from "smaller classes, increased 1:1 teaching, greater flexibility with academic activities, and increased support when her symptoms interfere with school and social functioning." Exh. C at 1. Defendant denies that plaintiff has established that the Student was disabled under the IDEA and thus an appropriate school under the law did not need to provide any special education services. *See* 20 U.S.C. § 1400(d)(1)(A); 20 U.S.C. § 1401(9).

20. In response to paragraph "20" of Plaintiff's Statement, defendant does not have sufficient information to believe the facts as set forth therein, and respectfully refers the Court to the exhibit cited therein for a complete and accurate statement of its contents. *See* Exh. C at 1.

21. Defendant admits the facts set forth in paragraph "21" of Plaintiff's Statement.

22. In response to paragraph "22" of Plaintiff's Statement, defendant denies the facts as set forth therein, and respectfully refers the Court to the exhibit cited therein for a complete and accurate statement of its contents and the transcript cited therein for a complete

and accurate statement of the witnesses' testimony and the context in which it was made. *See* Exh. C at 1; Exh. SRO 2 at 14, 16, 154-155, 161.

23. There is no paragraph "23" in Plaintiff's Statement.

24. In response to paragraph "24" of Plaintiff's Statement, defendant does not have sufficient information to believe the facts as set forth therein, but admits that the CSE classified the Student as non-handicapped and recommended a general education program with no special education services. Exh. 11 at 1-7.

25. In response to paragraph "25" of Plaintiff's Statement, defendant denies the facts as set forth therein, and respectfully refers the Court to the transcript cited therein for a complete and accurate statement of the witness' testimony and the context in which it was made. *See* Exh. SRO 2 at 157-61, 165-67, 170.

26. In response to paragraph "26" of Plaintiff's Statement, defendant denies the facts as set forth therein, and respectfully refers the Court to the transcript cited therein for a complete and accurate statement of the witness' testimony and the context in which it was made. *See* Exh. SRO 2 at 157-61, 165-67, 170.

27. In response to paragraph "27" of Plaintiff's Statement, defendant denies the facts as set forth therein, but admits that the Student's teacher, Ms. Terpening testified that she moved from teaching the 4th grade to teaching the 5th grade and that the Student was placed in Ms. Terpening's 5th grade class. *See* Exh. SRO 2 at 164. Defendant denies that this had anything to do with any potential response to switching buildings, as the Student switched buildings when she moved from third to fourth grade. *See* Exh. SRO 2 at 163. Defendant respectfully refers the Court to the transcript cited in paragraph "27" of Plaintiff's Statement for

a complete and accurate statement of the witness' testimony and the context in which it was made. *See* Exh. SRO 2 at 161.

28. In response to paragraph "28" of Plaintiff's Statement, defendant denies the facts as set forth therein, and respectfully refers the Court to the transcript cited therein for a complete and accurate statement of the witness' testimony and the context in which it was made. *See* Exh. SRO 2 at 160-61, 166.

29. In response to paragraph "29" of Plaintiff's Statement, defendant denies the facts as set forth therein, and respectfully refers the Court to the transcript cited therein for a complete and accurate statement of the witness' testimony and the context in which it was made. *See* Exh. SRO 2 at 158, 160-61.

30. In response to paragraph "30" of Plaintiff's Statement, defendant denies the facts as set forth therein, and respectfully refers the Court to the transcript cited therein for a complete and accurate statement of the witness' testimony and the context in which it was made. *See* SRO Exh. 2 at 158, 160-61.

31. In response to paragraph "31" of Plaintiff's Statement, defendant denies the facts as set forth therein, and respectfully refers the Court to the transcript cited therein for a complete and accurate statement of the witness' testimony and the context in which it was made. *See* Exh. SRO 2 at 158.

32. In response to paragraph "32" of Plaintiff's Statement, defendant denies the facts as set forth therein, and respectfully refers the Court to the transcript cited therein for a complete and accurate statement of the witness' testimony and the context in which it was made. *See* Exh. SRO 2 at 158.

33. In response to paragraph "33" of Plaintiff's Statement, defendant denies the facts as set forth therein, and respectfully refers the Court to the transcript cited therein for a complete and accurate statement of the witness' testimony and the context in which it was made. *See* Exh. SRO 2 at 192.

34. In response to paragraph "31" of Plaintiff's Statement, defendant denies the facts as set forth therein, and respectfully refers the Court to the exhibits cited therein for a complete and accurate statement their contents and the transcript cited therein for a complete and accurate statement of the witnesses' testimony and the context in which it was made. *See* Exh. B at 1-9; Exh. C at 1; Exh. SRO 2 at 29, 174. Defendant also respectfully avers that the Student has made educational progress at every level represented in the record. *See* Exh. 8 at 2-14; Exh. 15 at 1; Exh. 16 at 1-2; Exh. 17 at 1-2.

35. Upon information and belief, defendant admits the facts set forth in paragraph "35" of Plaintiff's Statement.

36. In response to paragraph "36" of Plaintiff's Statement, defendant does not have sufficient information to believe the facts as set forth therein, as no citation of support is provided.

37. In response to paragraph "37" of Plaintiff's Statement, defendant does not have sufficient information to believe the facts as set forth therein, and respectfully refers the Court to the transcript cited therein for a complete and accurate statement of the witness' testimony and the context in which it was made. *See* Exh. SRO 2 at 26-29.

38. In response to paragraph "38" of Plaintiff's Statement, defendant does not have sufficient information to believe the facts as set forth therein, but admits that Dalton offers an accelerated program, and respectfully refers the Court to the transcript cited therein for a

complete and accurate statement of the witness' testimony and the context in which it was made. *See* Exh. SRO 2 at 174-76, 193-94.

39. In response to paragraph "39" of Plaintiff's Statement, defendant does not have sufficient information to believe the facts as set forth therein, and respectfully refers the Court to the transcript cited therein for a complete and accurate statement of the witness' testimony and the context in which it was made. *See* Exh. SRO 2 at 17.

40. In response to paragraph "40" of Plaintiff's Statement, defendant does not have sufficient information to believe the facts as set forth therein, and respectfully refers the Court to the transcript cited therein for a complete and accurate statement of the witness' testimony and the context in which it was made. *See* Exh. SRO 2 at 17.

41. In response to paragraph "41" of Plaintiff's Statement, defendant does not have sufficient information to believe the facts as set forth therein, and respectfully refers the Court to the transcript cited therein for a complete and accurate statement of the witness' testimony and the context in which it was made. *See* Exh. SRO 2 at 17.

42. In response to paragraph "42" of Plaintiff's Statement, defendant does not have sufficient information to believe the facts as set forth therein, and respectfully refers the Court to the transcript cited therein for a complete and accurate statement of the witness' testimony and the context in which it was made. *See* SRO Exh. 2 at 18.

43. In response to paragraph "43" of Plaintiff's Statement, defendant does not have sufficient information to believe the facts as set forth therein, and respectfully refers the Court to the transcript cited therein for a complete and accurate statement of the witness' testimony and the context in which it was made. *See* SRO Exh. 2 at 25.

44. In response to paragraph "44" of Plaintiff's Statement, defendant does not have sufficient information to believe the facts as set forth therein, and respectfully refers the Court to the transcript cited therein for a complete and accurate statement of the witness' testimony and the context in which it was made. *See* SRO Exh. 2 at 17, 23.

45. In response to paragraph "45" of Plaintiff's Statement, defendant does not have sufficient information to believe the facts as set forth therein, and respectfully refers the Court to the transcript cited therein for a complete and accurate statement of the witness' testimony and the context in which it was made. *See* SRO Exh. 2 at 26.

46. In response to paragraph "46" of Plaintiff's Statement, defendant denies the facts as set forth therein, and respectfully refers the Court to the transcript cited therein for a complete and accurate statement of the witness' testimony and the context in which it was made. *See* SRO Exh. 2 at 29, 48-51.

47. In response to paragraph "47" of Plaintiff's Statement, defendant does not have sufficient information to believe the facts as set forth therein, and respectfully refers the Court to the transcript cited therein for a complete and accurate statement of the witnesses' testimony and the context in which it was made. *See* Exh. SRO 2 at 52, 89. Defendant also respectfully avers that the Student has made educational progress at every level represented in the record, including the gifted program at P.S. 166. *See* Exh. 8 at 2-14; Exh. 15 at 1; Exh. 16 at 1-2; Exh. 17 at 1-2.

48. In response to paragraph "48" of Plaintiff's Statement, defendant does not have sufficient information to believe the facts as set forth therein, and respectfully refers the Court to the transcript cited therein for a complete and accurate statement of the witnesses' testimony and the context in which it was made. *See* Exh. SRO 2 at 69, 80-81. Defendant also

respectfully avers that the Student excelled while in public school, demonstrating that even if these facts were true as stated, these symptoms did not adversely affect her educational performance. *See* Exh. 15 at 1; Exh. 16 at 1-2; Exh. 17 at 1-2.

49. In response to paragraph "49" of Plaintiff's Statement, defendant does not have sufficient information to believe the facts as set forth therein, and respectfully refers the Court to the transcript cited therein for a complete and accurate statement of the witness' testimony and the context in which it was made. *See* Exh. SRO 2 at 82. Defendant also respectfully avers that the Student excelled while in public school, demonstrating that even if these facts were true as stated, these symptoms did not adversely affect her educational performance. *See* Exh. 15 at 1; Exh. 16 at 1-2; Exh. 17 at 1-2.

50. In response to paragraph "50" of Plaintiff's Statement, defendant does not have sufficient information to believe the facts as set forth therein, and respectfully refers the Court to the transcript cited therein for a complete and accurate statement of the witness' testimony and the context in which it was made. *See* Exh. SRO 2 at 108.

51. In response to paragraph "51" of Plaintiff's Statement, defendant denies the facts as set forth therein, and respectfully refers the Court to the transcript cited therein for a complete and accurate statement of the witnesses' testimony and the context in which it was made. *See* Exh. SRO 2 at 113-14, 122-23, 156-57, 160. Defendant denies that these facts as stated establish that Dalton provided an appropriate program under the second prong of the Burlington/Carter criteria. *See Sch. Comm. of Burlington v. Dep't of Educ.*, 471 U.S. 359 (1985), *Florence County Sch. Dist. Four v. Carter*, 510 U.S. 7 (1993).

52. In response to paragraph "52" of Plaintiff's Statement, defendant does not have sufficient information to believe the facts as set forth therein, and respectfully refers the

Court to the transcript cited therein for a complete and accurate statement of the witness' testimony and the context in which it was made. *See* Exh. SRO 2 at 157.

53. In response to paragraph "53" of Plaintiff's Statement, defendant does not have sufficient information to believe the facts as set forth therein, and respectfully refers the Court to the transcript cited therein for a complete and accurate statement of the witness' testimony and the context in which it was made. *See* Exh. SRO 2 at 158.

54. In response to paragraph "54" of Plaintiff's Statement, defendant does not have sufficient information to believe the facts as set forth therein, and respectfully refers the Court to the transcript cited therein for a complete and accurate statement of the witness' testimony and the context in which it was made. *See* Exh. SRO 2 at 160-61.

55. In response to paragraph "55" of Plaintiff's Statement, defendant does not have sufficient information to believe the facts as set forth therein, and respectfully refers the Court to the transcript cited therein for a complete and accurate statement of the witness' testimony and the context in which it was made. *See* Exh. SRO 2 at 167.

56. In response to paragraph "56" of Plaintiff's Statement, defendant denies the facts as set forth therein, and respectfully refers the Court to the transcript cited therein for a complete and accurate statement of the witness' testimony and the context in which it was made. *See* Exh. SRO 2 at 174.

57. In response to paragraph "57" of Plaintiff's Statement, defendant denies the facts as set forth therein, and respectfully refers the Court to the transcript cited therein for a complete and accurate statement of the witness' testimony and the context in which it was made. *See* Exh. SRO 2 at 174-76.

58. In response to paragraph "58" of Plaintiff's Statement, defendant does not have sufficient information to believe the facts as set forth therein, and respectfully refers the Court to the transcript cited therein for a complete and accurate statement of the witness' testimony and the context in which it was made. *See* Exh. SRO 2 at 188.

Dated:   November 2, 2007
         New York, New York

                                        MICHAEL A. CARDOZO
                                        Corporation Counsel of the
                                         City of New York
                                        Attorney for Defendant
                                        100 Church Street, Room 2-179
                                        New York, New York  10007
                                        212-788-0889

                                        By:      /s/
                                          Andrew J. Rauchberg (AR 2179)
                                          Assistant Corporation Counsel

To:   Neal H. Rosenberg, Esq.
      Law Offices of Neal Howard Rosenberg
      Attorney for Plaintiff
      9 Murray Street, Suite 4 West
      New York, New York  11235
      212-732-9450
      (via ECF)